IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
MAR 26 PM 3: 20
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| BARBARA GAYLE WALKER, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CASE NO. CV96-N-2202-NE |
| ) | |
| HUNTSVILLE CITY BOARD ) | |
| OF EDUCATION, et al., ) | |
| ) | |
| Defendants ) | |

ENTERED
MAR 26 1999

## MEMORANDUM OPINION

The above-entitled civil action is before the court upon the motion to dismiss plaintiffs' second amended complaint filed by defendants on November 5, 1996. A hearing pursuant to Rule 43(e), Fed.R.Civ.P., was held before United States Magistrate Judge Paul Greene at which the plaintiffs were afforded the opportunity to present all arguments and evidence related to the motion of defendants.[1]

James Allen Walker and Barbara Gayle Walker commenced this action by filing a *pro se* complaint with the clerk of court on August 22, 1996. Also named as plaintiffs were the Walkers' minor children, Angel Joy Walker,[2] Alicia Marie Walker, and Crystal Danielle Walker. This case involves the Walkers and the interplay between Huntsville City School Board employees at two

---

[1] This manner of consideration of the motion was occasioned by the fact that these plaintiffs are proceeding *pro se*.

[2] Angel Joy Walker suffers from severe physical and learning disabilities.

elementary schools. Angel Walker was transferred from Chapman Elementary School to West Huntsville Elementary School after Mr. and Mrs. Walker had a series of confrontations with teaching and administrative staff at Chapman. The problems continued at West Huntsville. An order directing the Walkers to amend their complaint was entered. Plaintiffs filed an amended complaint on September 3, 1996. Defendants filed a motion to dismiss directed to the amended complaint on September 23, 1996. At the direction and upon the reference of the undersigned, a hearing was held before the Magistrate Judge Greene on October 23, 1996, to consider plaintiffs' motion for preliminary injunction. At the hearing, plaintiffs withdrew their motion for injunctive relief. They were ordered to file a second amended complaint within 10 days. The plaintiffs were advised that they were to set out clearly the claims made against any defendant and the legal basis for any such claim.

On November 5, 1996, plaintiffs Barbara Gayle Walker and James Allen Walker filed their second amended complaint which was to present all claims they would assert in this action on behalf of themselves.[3] Named as defendants in plaintiffs' second amended complaint are Victoria Curtis, Chapman Elementary School counselor; J. Bolding; Laura Chilzer, Chapman Elementary teacher; Deborah Baker, Chapman Elementary principal; Letha Lanier, Chapman Elementary special education teacher; Jamie Tipton; Dr. Debbie Ferguson, Director of Special Education for the City of Hunstville Board of Education; Shirley Holland, secretary at West Hunstville Elementary School; Ernest Horton, West Huntsville Elementary principal; Meshell Hicks, West Huntsville Elementary teacher; Matilda Abernathy, West Hunstville Elementary aide; Susan Krouger; and the City of Huntsville Board of

---

[3] The Walkers were advised that they could not file a *pro se* suit on behalf of their minor child or children. Attorney Patrick M. Lamar was requested by the court to conduct a Rule 11 analysis regarding any claims that could be brought on behalf of the minor child, Angel Joy Walker. The review has been completed.

2

Education. All of the individual defendants are employees or agents of the City of Huntsville Board of Education. Plaintiffs have invoked the provisions of the Americans With Disabilities Act (ADA), Title II (42 U.S.C. §§ 12131, *et seq.*); 42 U.S.C. § 12133 (part of the ADA); 42 U.S.C. § 12188 (part of the ADA); and 28 C.F.R. §§ 35.170-35.190 (regulations for the ADA). The defendants' motion to dismiss was renewed as to the second amended complaint.

The Walkers allege that beginning on February 9, 1996, Victoria Curtis, the school counselor at Chapman Elementary, would meet the plaintiffs at the door of the school. It is alleged that Curtis would "grab" Angel's hand from Mrs. Walker and take the child to her classroom, while "threatening and harassing" Mrs. Walker. It is argued generally in the complaint that such action by Curtis was "in retaliation because the plaintiffs -A- oppose the acts of the school for discriminating. -B- because the plaintiff had repeatedly stated they [sic] would testify against such acts." The complaint further alleges that defendant J. Bolding, on several occasions, also took Angel's hand from Mrs. Walker. Bolding is alleged to have harassed Mrs. Walker with repeated telephone calls and visits to her house. Mrs. Walker also states that Ms. Bolding gave her information about Jehovah's Witnesses and encouraged Walker to become a Jehovah's Witness, while allegedly threatening her about what defendant Baker would do. It is alleged that defendant Chilzer harassed, threatened, and interfered with Mrs. Walker by refusing to allow Mrs. Walker to see documents related to bruises on Angel, making false and harassing statements concerning a moldy juice bottle, and conspiring with defendants Baker and Lanier to keep Mr. and Mrs. Walker from entering Angel's classroom and taking part in any class activity. The Walkers contend that other parents were allowed to enter classrooms. Chilzer is alleged to have coerced the school nurse to force Mrs. Walker into signing unspecified papers, threatened to stop Angel's prescribed therapy, and failed or refused to complete

3

daily flow sheets about the amount of Angel's fluid intake and bowel movements, causing Mrs. Walker to be unable to regulate Angel's medication properly. Plaintiffs allege that defendants Baker and Tipton, on February 20, 1996, took Angel from the Walkers and forced the Walkers into a room, blocked the exits and refused to move. It is alleged Baker and Tipton threatened and harassed the Walkers by telling them they would not be allowed to take Angel to her classroom or pick her up from the classroom. Plaintiffs aver defendant Tipton threatened to use force against them. They claim that when they tried to talk or leave the room, Tipton laughed at them and intimidated them.

The Walkers allege in their complaint that defendants Lanier and Ferguson willfully coerced Mrs. Walker into believing that the school district would discuss, address, and resolve problems at Chapman Elementary after the first meeting to prepare Angel's individualized education plan (IEP) under the Individuals With Disabilities Education Act. It is also alleged these defendants made false statements that reasonable modifications were made at West Huntsville Elementary so that Angel would receive the assistance and training at West Huntsville which had been available at Chapman, while knowing that reasonable modifications had not been made and that potential injury might occur. Defendant Holland is alleged to have harassed the Walkers by repeatedly identifying Mrs. Walker to security guards to keep her out of the school and threatening to place security guards in the school. The Walkers allege that defendant Horton harassed them by writing statements to Mrs. Walker about the amount of Angel's fluid intake. It also is alleged Mr. Horton, after admitting to the Walkers that he knew defendant Hicks had spanked Angel and that he had talked to Hicks about the incident, harassed and threatened the Walkers the following day with security guards and letters. Horton also is alleged to have made false statements, and threatened and harassed the Walkers by using security guards to force Mrs. Walker out of the school and away from other parents, while

4

knowing that no reasonable modifications had been made in the school and knowing of the threat of potential injury to Angel.

Plaintiffs allege that defendant Krouger, along with defendants Ferguson, Horton, Hicks, and Abernathy, retaliated and coerced Mrs. Walker by making false statements about modifications at Chapman Elementary, knowing no reasonable modifications had been made and that the threat of potential injury to Angel, and at an April 10, 1996, IEP meeting repeatedly told Mrs. Walker she could not enter the school building with Angel although other parents are allowed to enter the building. The Walkers further allege that defendant Hicks, knowing no reasonable modifications had been made to the school and of the threat of potential injury to Angel, made false statements to the Walkers. Ms. Hicks is also alleged to have stopped Mrs. Walker from adjusting Angel's medications, denying Mrs. Walker effective communication with Angel's physicians about her medications and her daily seizures. It is also alleged that after Mrs. Walker had received permission to bring cupcakes to Angel's classroom, Hicks threatened and harassed Mrs. Walker about the cupcakes. Hicks allegedly called Mrs. Walker only ten minutes prior to an April 1996 IEP meeting. When Mrs. Walker arrived, Hicks is alleged to have harassed her by telling her she had to leave Angel at the front door of the school. Finally, the Walkers allege that defendant Abernathy, along with defendants Hicks and Horton, harassed the Walkers by denying, refusing, or neglecting to fill out daily flow sheets about Angel's seizures and follow the directive to give the child continuous fluids, thereby stopping effective communication between Mrs. Walker and Angel's doctors for adjustment of medications and monitoring seizures. It is alleged that defendants Abernathy and Hicks harassed and threatened the Walkers by telling them that Angel was "a little white girl" and they could and would do anything to her they wished and the Walkers would be powerless to stop them. They allegedly told the

5

Walkers they wanted Angel out of their classrooms and would do whatever it took to accomplish this goal. No specific allegations are made against the City of Huntsville Board of Education.

Defendants, in their motion to dismiss, assert that the complaint fails to state a claim upon which relief may be granted, fails to meet the pleading requirements of Rule 8, Fed.R.Civ.P., as to all defendants, and fails to make any allegation or claim against the City of Huntsville Board of Education. Defendants also contend that the defendants are all employees of the City of Huntsville Board of Education and are thus incapable as a matter of law of conspiring together.

### DISCUSSION

This matter proceeds on a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Assuming that the facts are true, a complaint may be dismissed under the Federal Rule of Civil Procedure 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiffs. *See e.g., Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991); *see also Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (citing *Currie v. Cayman Resources Corp.*, 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The

Court of Appeals for the Eleventh Circuit has held that "motions to dismiss for failure to state a claim should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam*, 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982)); *see also Hishon v. King & Spalding, supra*.

The analysis of defendants' motion to dismiss begins with the recognition of the admonition of the United States Supreme Court that *pro se* complaints such as the Walkers' must be read more liberally than those prepared by an attorney. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a complaint justifiably may be dismissed because of the conclusory, vague, and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

The ADA provides relief for discrimination against persons with disabilities in three areas: employment (Title I, 42 U.S.C. §§ 12111-12117); public services (Title II, 42 U.S.C. §§ 12131-12165); and public accommodations and services operated by private entities (Title III, 42 U.S.C. §§ 12181-12189). Title V of the ADA contains miscellaneous provisions. A review of the provisions of the ADA reveals a statutory cause of action that could be asserted by the Walkers.[4] Obviously, Title I of the ADA is not applicable, since defendants are not sued as employers of plaintiffs.

## Title 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(g)–Association Discrimination

The Walkers allege association discrimination pursuant to 42 U.S.C. § 12132 and 28 C.F.R § 35.130(g). Title 42 U.S.C. § 12132 (in Title II of the ADA) provides that no qualified individual

---

[4] Although James Allen Walker alleges in the conclusion to the complaint that he is a disabled veteran, he does not make any claim under the ADA for discrimination or retaliation by any defendant on account of any disability he suffers. Further, many of the Walkers' claims involve actions allegedly taken against Angel by one or more of the defendants. No claims which could be made by Angel Walker will be considered in this action.

7

with a disability shall be denied the benefits of the services, programs or activities of a public entity[5] or be subjected to discrimination by the entity, on account of disability. Title 28 C.F.R. § 35.130(g) states that "a public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual . . . because of the known disability of an individual with whom the individual . . . is known to have a relationship or association." Thus, the provisions of 42 U.S.C. § 12132 are extended by the regulation to those associated with a disabled individual, as well. As stated in *Tugg v. Towey*, 864 F.Supp. 1201, 1208 (S.D.Fla. 1994), "the regulations give broad protection to anyone associated with an individual with a disability, not just those with a familial relationship."

To state a claim for association discrimination, the Walkers must allege they were excluded from or denied equal <u>services</u> or <u>activities</u>, solely because of their relationship to their disabled child, Angel, and her disability. *See Simenson v. Hoffman*, 12 ADD 617, 1995 WL 631804 (N.D. Ill. 1995); *Tugg v. Towey, supra.* A review of the amended complaint shows that plaintiffs' allegations do not state such a claim. While the Walkers have alleged that various defendants have taken actions against them, there is no allegation that they were denied equal services or activities offered by the school system or that the actions allegedly taken against them were based solely on their relationship to Angel and her disability.

### Title 42 U.S.C. § 12182

The Walkers claim defendants have violated 42 U.S.C. § 12181. A reading of the statutes reveals plaintiffs must have intended to refer to 42 U.S.C. § 12182, as § 12181 merely presents

---

[5] The statutory definition of "public entity" includes "any State or local government," "any department, agency . . ., or other instrumentality of a State . . . or local government," or "the National Railroad Passenger Corporation [or] any commuter authority." 42 U.S.C. § 12131(1).

relevant definitions. Title 42 U.S.C. § 12182 provides that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the services and facilities of any place of public accommodation by any person who owns, leases or operates the place of public accommodation. A "place of public accommodation" is a facility operated by a private entity; "private entity" necessarily excludes a public entity such as the City of Huntsville Board of Education. *See* 42 U.S.C. § 12181 and 28 C.F.R. § 36.104. *See also Sandison v. Michigan High School Athletic Association*, 64 F.3d 1026, 1035-36 (6th Cir. 1995) (Title III of ADA not applicable to high school athletic association in that it was not private entity operating public accommodation; public school grounds are operated by public entities). Therefore, the Walkers have not stated a claim pursuant to 42 U.S.C. § 12182. *But see Bingham v. Oregon School Activities Association*, 24 F.Supp.2d 1110, 1116 (D.Ore. 1998) (public and private secondary schools are expressly included as entities which are subject to the ADA under 42 U.S.C § 12181(7)(J)).

### Title 42 U.S.C. § 12203 and 28 C.F.R. § 35.134

Title 42 U.S.C. § 12203, under the ADA subheading "Miscellaneous," states:

> **(a) Retaliation.** No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
> **(b) Interference, coercion, or intimidation.** It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.
> **(c) Remedies and procedures.** The remedies and procedures available under sections 107, 203, and 308 of this Act [42 U.S.C.

9

>§§ 12117, 12133, 12188] shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to title I, title II and title III [42 U.S.C. §§ 12111 *et seq.*, 12131 *et seq.*, 12181 *et seq.*], respectively.

The corresponding regulation is found at 28 C.F.R. § 35.134.

The majority of the cases addressing § 12203 claims occur in the employment context. *See, e.g., Mondzelewski v. Pathmark Stores, Inc.*, 162 F.3d 778 (3d Cir. 1998); *Barnett v. U.S. Air, Inc.*; 157 F.3d 744 (9th Cir. 1998); *Talanda v. KFC Nat. Management Co.*, 140 F.3d 1090 (7th Cir. 1998); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278 (11th Cir. 1997).

In *Niece v. Fitzner*, 922 F.Supp. 1208 (E.D.Mich. 1996), a prison inmate, Hendrick, and his deaf fiancee, Niece, sued the Michigan Department of Corrections and individual corrections personnel under the ADA. They alleged the Department of Corrections discriminated against Niece by not providing a telephone system or allowing Hendrick to use a toll-free number that would allow her to communicate with Hendrick. It was also alleged that Hendrick was transferred to a maximum security facility and other adverse action taken against him in retaliation for his complaint to the Department of Justice about the telephone system and participation in the subsequent investigation. Hendrick relied on 42 U.S.C. § 12132, 28 C.F.R. § 35.130(g) (making § 12132 applicable also to a non-disabled person associated with a disabled person), and 42 U.S.C. § 12203. The court overruled the defendants' motion to dismiss the complaint, finding Hendrick stated a cause of action pursuant to 42 U.S.C. § 12203. It was determined Hendrick stated a claim in that he alleged (1) he engaged in an activity protected by the ADA; (2) the public entity took adverse action against him; and (3) there was a causal link between the engagement in the protected activity and the adverse action.

In *Childs v. National Jewish Center for Immunology and Respiratory Medicine*, 129 F.3d 130, 1997 WL 694606 (10th Cir. Nov. 7, 1997) (unpublished opinion, text in Westlaw), the court considered a motion to dismiss with respect to the *pro se* claim of a patient of defendant's that defendant retaliated against her under § 12203 by refusing to make or keep appointments with her, resulting in denial of medical care for various physical conditions. The court found that plaintiff stated a claim upon which relief could be granted, despite the sketchiness of the factual allegations to support the claim and because plaintiff was *pro se*.

The Walkers have alleged that the individual defendants have intimidated, threatened and harassed them, all in retaliation for their assertion of Angel's rights as a disabled student and their statements to defendants that they would testify against the defendants about any actions taken in regard to Angel seen by the Walkers to be discriminatory. It also is alleged that Mrs. Walker has been prohibited from entering Angel's school or classroom, or participating in any class activities, in retaliation for her complaints about alleged disability discrimination against Angel. It is clear that the Walkers' complaints to defendants about Angel's IEP and her treatment by teachers and aides are statutorily protected activities. The Walkers have sufficiently pled that the individual defendants took adverse action against them on numerous occasions because of their complaints on behalf of their disabled child. Plaintiffs also have linked their grievances about Angel's treatment and the alleged adverse actions of defendants in their complaint. Therefore, defendants' motion to dismiss as to this claim is due to be denied.

Some of the alleged actions of defendants are not related to plaintiffs' § 12203 claim, or are claims maintainable only by Angel herself, and any such claims are due to be dismissed.[6] These claims are as follows:

(1) Victoria Curtis grabbed Angel's hand out of Mrs. Walker's and dragged her off;

(2) J. Bolding grabbed Angel's hand out of Mrs. Walker's;

(3) Deborah Baker and Jamie Tipton maliciously and forcefully took Angel away from the Walkers on February 20, 1996;

(4) Shirley Holland forcefully took Angel from Mr. Walker's arms; and

(5) Meshell Hicks refused or neglected to follow Angel's IEP.

## Conspiracy

The individual defendants are all agents or employees of the City of Huntsville Board of Education. They are incapable of conspiring with each other. *See Nelson Radio & Supply Company, Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed.2d 1356 (1953); *Chambliss v. Foote*, 421 F. Supp. 12 (E.D.La. 1976), *aff'd*, 562 F.2d 1015 (5th Cir. 1977), *cert. denied*, 439 U.S. 839, 99 S.Ct. 127, 58 L.Ed.2d 137 (1978); *Moody v. Jefferson Parish School Board*, 803 F. Supp. 1158 (E.D.La. 1992); *Hillard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994). Therefore, any claim of conspiracy among the individual defendants is due to be dismissed.

---

[6] The undersigned expresses no opinion at this time as to the viability or maintainability of these claims.

12

### City of Huntsville Board of Education

A review of the plaintiffs' amended complaint reveals no claim or allegations against the City of Huntsville Board of Education. It appears this defendant has been named solely as the employer of the individual defendants. Because the only remaining claim is pursuant to 42 U.S.C. § 12203 and that statute, by its own terms, allows a cause of action against a person, there is no reason to require the City of Huntsville Board of Education to remain in this action as a defendant.

An order in accordance with the foregoing memorandum opinion will be entered contemporaneously.

**DONE AND ORDERED** this 25th day of March, 1999.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE