FILED
99 DEC 20 PM 3: 13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

BARBARA GAYLE WALKER, et al.,       ]
                                     ]
   Plaintiff(s),                    ]
                                     ]
vs.                                  ]     CV-96-N-2202-NE
                                     ]
DR. DEBBIE FERGUSON, et al.,         ]
                                     ]
   Defendant(s).                    ]

ENTERED
DEC 20 1999

### Memorandum of Opinion

The court conducted a status conference in this matter on Wednesday, October 27, 1999. After the status conference, the court entered an order (Doc. No. 33) instructing the defendants to file a summary statement by November 15, 1999, of their understanding of the *pro se* plaintiff's remaining claims and an answer to those claims. The plaintiff was instructed to respond by December 1, 1999, stating those matters that he disagreed with and his basis for such disagreement. The defendants were to reply by December 15, 1999. Accordingly, the court has before it the defendants' case summary (Doc. No. 34), the plaintiff's response (Doc. No. 35), and the defendants' reply (Doc. No. 36). Because the court finds that the plaintiff's remaining claims are due to be dismissed, the court finds it unnecessary to hold further hearings or require any additional briefs in this case.

This action was commenced on August 22, 1996, by the plaintiffs, James Allen Walker and Barbara Gayle Walker, along with their minor children, Angel Joy Walker, Alicia Marie Walker, and Crystal Danielle Walker. On September 3, 1996, the plaintiffs filed an amended complaint, requesting injunctive relief, and on September 23, 1996, the defendants filed a

37

motion to dismiss. A hearing was held on October 23, 1996, during which the plaintiffs withdrew their request for injunctive relief, were instructed to file a second amended complaint, and were advised that they could not file a *pro se* complaint on behalf of their children. A court-appointed attorney reviewed the merits of the claims of the minor children and found that they were without merit.

On November 5, 1996, the plaintiffs Barbara Gayle Walker and James Allen Walker filed their second amended complaint alleging claims under the Americans with Disabilities Act against a number of defendants.[1] Amended complaint (Doc. No. 21). The defendants renewed their motion to dismiss as to the second amended complaint, and the court granted the motion as to all of plaintiffs' claims except for the claims brought pursuant to 42 U.S.C. § 12203 and 28 C.F.R. § 35.134. *See* order (Doc. No. 27). Specifically, these remaining claims concern the Walkers' allegations that the defendants intimidated, threatened, and harassed them, in retaliation for asserting the rights of their daughter, Angel Walker, as a disabled student, and for informing the defendants that they would testify against the defendants about allegedly discriminatory actions taken against Angel Walker. *See* memorandum opinion (Doc. No. 26) at 11.

On June 5, 1999, Barbara Gayle Walker died, and on October 8, 1999, the defendants filed a suggestion of death. Plaintiff James Allen Walker filed a response in which he indicated that he intended to pursue his wife's claims along with his own claims. Having

---

[1] The defendants include Victoria Curtis, Chapman Elementary School counselor; J. Bolding and Laura Celizer, Chapman Elementary teachers; Deborah Baker, Chapman Elementary principal; Letha Lanier, Chapman Elementary special education teacher; Jamie Tipton, security supervisor; Dr. Debbie Ferguson, director of special education; Shirley Holland, secretary at West Huntsville Elementary School; Earnest Horton, West Huntsville Elementary principal; Meshell Hicks, West Huntsville Elementary teacher; Matilda Abernathy, West Huntsville Elementary aide; Susan Krouger, special education manager; and the City of Huntsville Board of Education.

2

reviewed the defendants' case summary as to the status of the plaintiffs' case and viability of their remaining claims (Doc. No. 34), the plaintiffs' response to the defendants' case summary (Doc. No. 35), and the defendants' reply (Doc. No. 36), the court finds that the plaintiffs' remaining claims are due to be dismissed.

The defendants argue that claims asserted under the ADA are subject to Section 1415(f) of the IDEA, which requires exhaustion of the administrative remedies provided by the IDEA before filing a complaint in federal court. The court agrees. In *Babicz v. School Board of Broward County*, 135 F.3d 1420 (11th Cir. 1998), the Eleventh Circuit affirmed the district court's dismissal of the plaintiffs' complaint for lack of subject matter jurisdiction on the grounds that the plaintiffs failed to exhaust their administrative remedies under Section 1415(f) of the IDEA. The plaintiffs in *Babicz* sought relief under the Rehabilitation Act and the ADA in the form of compensatory damages and an injunction for the school's alleged failure to implement plans under the Rehabilitation Act and for retaliating against the plaintiffs after they hired an attorney. In affirming the district court, the Eleventh Circuit relied upon two decisions from the Second Circuit and the Seventh Circuit:

> While one of first impression in this circuit, this issue has been thoughtfully considered by both the Second Circuit in *Hope v. Cortines,* 69 F.3d 687 (2d Cir.1995) and the Seventh Circuit in *Charlie F. by Neil F. v. Board of Educ. of Skokie School District 68,* 98 F.3d 989 (7th Cir.1996). Both circuits concluded that claims asserted under Section 504 and/or the ADA are subject to Section 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA. Hope, 69 F.3d at 688; Charlie F., 98 F.3d at 992. We agree.

*Id.* at 1422 (footnotes omitted). It is undisputed that the plaintiffs in this case also seek compensatory damages and claim retaliatory acts on the part of the defendants. *See*

amended complaint (Doc. No. 21) and plaintiff's response (Doc. No. 35). Furthermore, there is no allegation or evidence in the record that the plaintiffs have made any attempt to exhaust the administrative remedies under the IDEA before filing their complaint in federal court. Accordingly, the plaintiffs' case shall be dismissed without prejudice for lack of subject matter jurisdiction.

Done, this 20th of December, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE